UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────X

M. KANOFSKY, MISSAK FINANCIAL SYNERGISM,

                          MEMORANDUM AND ORDER
        Plaintiff,              06-CV-1386 (NGG)

    -against-

THE MTA; PETER KALIKOW, Chairman of the MTA;
MICHAEL BLOOMBERG, Mayor of the City of New
York; WILLIAM THOMPSON, Comptroller of the
City of New York; HONORABLE GEORGE PATAKI,
Governor of the State of New York; HONORABLE
JUDITH KAYE, Chief Justice New York State Court;
JOHN WALKER; HONORABLE ALAN HEVESI,
Comptroller of the State of New York,

        Defendants.
───────────────────────────────────────X

GARAUFIS, United States District Judge:

       On March 20, 2006, plaintiff, M. Kanofsky, a resident of Brooklyn, New York, filed this *pro se* action alleging defendants violated his rights. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order, but the complaint is dismissed for the following reasons.

## BACKGROUND

       Plaintiff brings this complaint in connection with the 2005 auction sale of the MTA's Hudson Rail Yards. Plaintiff alleges that even though he "presented the highest bid for the property (One Billion Ten Thousand Dollars)[1]" he was not declared the winner "because the

---

[1] The Court takes note that in plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 he states that his "sole source of money is a social security check of $660 a mo[nth] which I have received for the past three years. I haven't worked for earnings for the past twenty three years." IFP Request at p. 1.

auction was rigged in favor of one bidder, The New York Jets." Compl. at p. 2.

Plaintiff states

> On March 22, 2005 M. Kanofsky was shocked to read in the newspapers that Missak's bid was disqualified. The Missak bid included a commercial submission to the United States government which pertained to national security issues. This submission was contrary to the right wing views of the MTA which is operated as a republican party political slush fund. . . . The destruction of the Missak bid was directly linked to republican politics and values. The Missak product in question is highly sensitive and will be made available to a single judge sitting in camera.

Compl. at p. 3. Plaintiff further states

> MTA Hudson River Project was only part of Bloomberg's RICO agenda in which he trampled on the public interest, public life, public intercourse of this great city and brought misery to so many. He closed the Great Lawn to the masses in order to satisfy the elite. He hired an unqualified person to head the Transportation Department in order to curry favor with her powerful husband. . . . On a clear day this unqualified person sent unsupervised garbage to run the Staten Island Ferry, over ten people were killed and over hundred were seriously injured.

Compl. at p. 5. Plaintiff seeks $55 million dollars in damages and

> that a declaratory judgment in this case be entered, to wit, declaring that he will be treated in this case in the same fashion as all other plaintiffs in the Eastern District of New York. During the Crown Heights massacre of approximately a decade ago the federal court in the Eastern District of New York did absolutely nothing to protect the defenseless Jewish population to your eternal shame and dishonor. . . . A young woman Deirdre Kane was forced by the massacre to leave her home in Crown Heights for another city. She was a graduate of Brown University, recruited out of the Washington School of Ballet to play opposite Laurence Olivier in his last film, she was a summa cum laude graduate of Washington's finest academic school and she was denied basic protection by the legal system in Brooklyn. To make matters worse her brother, a first class athlete who the foreign press called the 'American Super Star' lead an American team inter alia against Great Brit[ain] and South Africa. When war was imminent just before the Persian Gul[f] War invasion, he volunteered his services to the nation as a Marine Officer. How dare any court deny this young woman judicial protection. . . . Under the principle of 'justice delayed is justice denied' we want [Judge] Walker sua sponte to award damages to Deirdre Kane for her suffering. If at the end of fourteen days and this is not done we will take this matter of nepotism, anti-semitism and nihilism to the United States Senate. We will link Deirdre Kane's matter to the

2

murder of two hundred and forty one United States Marines in Beirut [in] 1983. America and all the world will feel the rage that I feel.

Compl. at pp. 7-8.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted). The Supreme Court has held that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992).

## DISCUSSION

Although the Court does not doubt the sincerity of plaintiff's convictions, plaintiff's complaint is devoid of merit and clearly frivolous or malicious within the meaning of Denton, and § 1915. Therefore, it is within the Court's discretion to refuse to indulge plaintiff's fanciful allegations and the Court finds no reason to allow plaintiff to amend his complaint as any amendment would not cure the deficiencies raised herein. Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000).

## CONCLUSION

Accordingly, the instant complaint filed *in forma pauperis* is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2006

/s/
NICHOLAS G. GARAUFIS
United States District Judge